**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4460**

_____

UNITED STATES OF AMERICA,

　　　　　　　　Plaintiff – Appellee,

　　　v.

ANTHONY TORELL TATUM, a/k/a Anthony Tatum, a/k/a Brandon
Ross, a/k/a Short Dog,

　　　　　　　　Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Deborah K. Chasanow, Senior District
Judge. (8:13-cr-00492-DKC-1)

_____

Submitted: May 11, 2016　　　　　　　Decided: June 10, 2016

_____

Before DUNCAN and FLOYD, Circuit Judges, and DAVIS, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Richard A. Finci, Jennifer L. Mayer, HOULON, BERMAN, FINCI,
LEVENSTEIN & SKOK, LLC, Greenbelt, Maryland, for Appellant.
Rod J. Rosenstein, United States Attorney, Thomas P. Windom,
Deborah A. Johnston, Assistant United States Attorneys,
Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Torell Tatum appeals his 324-month sentence entered pursuant to his guilty plea to a drug and money laundering conspiracy and a firearm charge. On appeal, Tatum contends that the district court erred in calculating the drug quantity attributable to him as at least 150 kilograms of cocaine. We affirm.

Under the Sentencing Guidelines in effect at the time of Tatum's sentencing, a defendant convicted of conspiring to distribute controlled substances is accountable for all quantities of contraband with which he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of contraband that were in furtherance of the joint criminal conduct. U.S. Sentencing Guidelines Manual § 1B1.3 cmt. n.2 (2014). The Government must prove the drug quantity attributable to the defendant by a preponderance of the evidence. United States v. Carter, 300 F.3d 415, 425 (4th Cir. 2002). The district court may rely on information in the presentence report unless the defendant affirmatively shows that the information is inaccurate or unreliable. Id. A district court's findings on drug quantity are generally factual in nature, and therefore we review for clear error. Id.

Tatum avers that his drug quantity should be limited to the amount to which he pled guilty. He raises numerous arguments attacking the reliability and relevance of the Government's evidence at sentencing. In the district court, he provided no evidence or argument as to the actual scope of his participation in the drug conspiracy to which he pled guilty; instead, he rested on the Government's alleged lack of proof and the district court's alleged failure to properly consider the evidence.

We find that the evidence clearly shows that Tatum was responsible for at least 150 kilograms of cocaine. Further, the evidence is so overwhelming that most of Tatum's arguments fail to cut to the heart of the matter and just operate to obfuscate the issue. Specifically, Tatum admitted in the statement of facts attached to his plea agreement that over $220,000 of cash deposits in the bank accounts of his businesses were "virtually all" drug proceeds. According to the affidavit of Special Agent Buckel, also submitted at sentencing, distribution of a kilogram of cocaine will net, at a minimum, $1000. Thus, this $220,000 in drug proceeds easily represents more than 150 kilograms of cocaine. Notably, this calculation does not even consider the wealth of other evidence of drug quantity, including money Tatum used to purchase luxury items, the cocaine seized during the investigation, the fact that the profits were likely above the

3

minimum, or any other "reasonably foreseeable" actions by any members of the conspiracy.

In his brief, Tatum avers that his businesses were legitimate and ongoing, even though "at least a part" of the cash deposits were drug proceeds. Tatum also states that one business reported $200,000 in income on its 2012 tax returns and that a private investigator submitted evidence that Tatum ran a legitimate business. However, Tatum signed the statement of facts agreeing that "[a]ll, or virtually all, of the cash deposits were proceeds from the drug conspiracy." Thus, even to the extent that, aside from the listed cash deposits, Tatum made other deposits or profits due to his legitimate business, such would be irrelevant to his agreement that "virtually" $220,000 worth of deposits were drug related. Moreover, there is no evidence in the record that the $200,000 income reported to the IRS was actually due to legitimate income, and the investigator could not locate records sufficient to provide an estimate as to Tatum's income.

Tatum also contends that the Government failed to have an expert testify as to the proper conversion of cash into cocaine amounts. To the contrary, however, the Government presented Buckel's affidavit providing detailed conversion amounts, the most conservative of which still shows that Tatum was responsible for well over 150 kilograms of cocaine. Moreover,

4

the district court was not required to determine how much of the income was legitimate and how much should be considered drug proceeds, given that Tatum admitted that "virtually all" of the listed proceeds were from the drug conspiracy. Tatum does not challenge Buckel's testimony of pricing and profits or provide any evidence of his own estimates.

Tatum's other arguments are nearly wholly irrelevant given his admissions. Tatum contends that the district court failed to make particularized findings regarding the scope of his conspiracy and the quantity of cocaine involved. The court also allegedly failed to make a finding regarding how much of the co-conspirators' conduct was reasonably foreseeable to Tatum. Tatum also challenges Buckel's statements regarding information from informants. Tatum alleges that the statements are insufficiently corroborated and that he was not able to challenge the evidence given that the informants were not identified. Tatum also asserts that certain cocaine amounts and cash (not his bank accounts) listed in the statement of facts were never tied to him and that the district court's conclusions were entirely speculative. As discussed above, however, even removing much of this evidence, the 150 kilogram threshold is easily obtained. As such, any district court error in these regards would not render the drug amount clearly erroneous,

given the overwhelming evidence against Tatum. Accordingly, we will not address each issue separately.

Tatum has also filed several pro se supplemental briefs. We deny his motions to file these briefs. See United States v. Penniegraft, 641 F.3d 566, 569 n.1 (4th Cir. 2011) (denying motion to file pro se supplemental brief where appellant had counsel and appeal not filed pursuant to Anders v. California, 386 U.S. 738 (1967)); see also Myers v. Johnson, 76 F.3d 1330, 1335 (5th Cir. 1996) ("By accepting the assistance of counsel the criminal appellant waives his right to present pro se briefs on direct appeal.").

We affirm Tatum's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED